## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor, | : : : |
| Plaintiff, | : Civil Case No. 5:15-cv-1577 |
| v. | : : |
| CATHEDRAL BUFFET, INC. and ERNEST ANGLEY | : : : |
| Defendants. | : : |

### COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor, brings this action to enjoin and restrain Defendants, Cathedral Buffet, Inc., an Ohio corporation, and Ernest Angley, an individual, (hereinafter collectively "Defendants"), from violating the provisions of Sections 6, 7, 11, 12, and 15 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), pursuant to Section 17 of the Act; and to recover unpaid minimum wage and overtime compensation owing to Defendants' employees together with an equal additional amount as liquidated damages, pursuant to Section 16(c) of the Act.

### I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act and 28 U.S.C. § 1345.

### II.

(a)  Defendant Cathedral Buffet, Inc. ("Buffet") is, and at all times hereinafter mentioned, was an Ohio corporation with an office and place of business at 2690 State

1

Road, Cuyahoga Falls, Ohio in Summit County, within the jurisdiction of this Court, and is, and at all times hereinafter mentioned, was engaged in the food service business and in the performance of related types of activities.

(b)  Defendant Ernest Angley, an individual, resides at 3105 Lake James Drive, Akron, Ohio 44312, within the jurisdiction of this Court.  Defendant Angley is an owner of Defendant Buffet and at all times hereinafter mentioned, actively supervised the day-to-day operations and management of the Buffet in relation to its employees.  Defendant Angley acted directly or indirectly in the interest of the Buffet in relation to its employees.

### III.

Defendants are, and at all times hereinafter mentioned, were engaged in related activities performed through unified operation or common control for a common business purpose and at all times hereinafter mentioned, were an enterprise within the meaning of Section 3(r) of the Act.

### IV.

Defendants are, and at all times hereinafter mentioned, were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

### V.

(a)  Defendants repeatedly violated the provisions of Sections 6 and 15(a)(2) of the Act by employing many of their employees engaged in commerce or in the production of goods for commerce or employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, for wages at rates less than $7.25 per hour for time worked beginning on November 5, 2012. Specifically, Defendants improperly treated certain workers as "volunteers" and paid them no wages.  Defendants also paid managers weekly salaries that were too low to qualify for an exemption from the minimum wage requirements of the Act.

### VI.

(a)  Defendants repeatedly violated the provisions of Sections 7 and 15(a)(2) of the Act by employing employees who were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for hours worked in excess of forty (40) hours per week at rates not less than one and one-half times the regular rate at which they were employed.  Specifically, Defendants did not pay premium wages to salaried, non-exempt employees who worked in excess of forty hours in a week.

### VII.

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that they failed to make, keep, and preserve adequate and accurate records of their employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by

regulations duly issued pursuant to authority granted in the Act and found in 29 C.F.R. §516, in that records fail to adequately and accurately show, among other things, the hours worked by all employees and the addresses, dates of birth, and hire dates of all employees.

## VIII.

Defendants repeatedly violated the provisions of Sections 12(c) and 15(a)(4) of the Act by employing minors between the ages of 14 and 16 in occupations requiring: more than three hours of work on a school day, work beyond 7:00 p.m. during the school year, and more than eight hours of work on a non-school day.  All of the minors were and are employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid.  Such employment constitutes oppressive child labor as defined in Section 3(l) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

A. For an Order pursuant to Section 17 of the Act, permanently enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

B. For an Order:

1. pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit 1 (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

    2. pursuant to Section 17, enjoining and restraining Defendants, their officers, agents servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

  C. For an Order awarding Plaintiff the costs of this action; and

  D. For an Order granting such other and further relief as may be necessary and appropriate.

|  |  |
|---|---|
| OF COUNSEL: | /s/ Hema Steele<br>HEMA STEELE (0081456)<br>Trial Attorney<br>U.S. Department of Labor |
| BENJAMIN T. CHINNI<br>Associate Regional Solicitor | 881 Federal Office Building<br>1240 East Ninth Street<br>Cleveland, Ohio 44199<br>(216) 522-3876; Fax (216) 522-7172<br>*Steele.Hema@dol.gov* |