PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, *etc.*, ) | |
| ) | CASE NO. 5:15CV1577 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| CATHEDRAL BUFFET, INC., *et al.*, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | [Resolving ECF No. 9] |

Pending is Defendants Cathedral Buffet, Inc. and Reverend Ernest Angley's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted and for Lack of Subject-Matter Jurisdiction (ECF No. 9), filed on September 24, 2015. Defendants move the Court pursuant to Fed. R. Civ. P. 12(b)(1) and (6) to dismiss the Complaint (ECF No. 1) filed by Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor. The Court has been advised, having reviewed the parties' briefs and submissions, and the applicable law. For the reasons set forth below, the Court denies the motion.

On August 10, 2015, pursuant to his authority under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiff filed the Complaint (ECF No. 1) against Defendants to enforce the FLSA. The Complaint (ECF No. 1) alleges violations of the FLSA's minimum wage, overtime, record-keeping, and child labor provisions with respect to 238 current and/or former employees employed by Defendants at the Cathedral Buffet.

(5:15CV1577)

## I.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted).

The Court concludes that Plaintiff has adequately alleged facts to state a claim under the FLSA sufficient to meet the threshold pleading requirements of Rule 8(a)(2) as articulated in *Twombly*. "[T]he requirements to state an FLSA violation are 'quite straightforward.'" *Love v.*

(5:15CV1577)

*Fleshman Masonry, Ltd.*, No. 3:13-cv-183, 2013 WL 5725977, at *3 (S.D. Ohio Oct. 21, 2013) (quoting *Sec'y of Labor v. Labbe*, 319 Fed.Appx. 761, 763 (11th Cir. 2008) (per curiam)).  In *Labbe*, the court determined that the elements that must be pled in an FLSA complaint "are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act.  There is no need to prove intent or causation that might require more extensive pleading."  *Labbe* 319 Fed.Appx. at 763 (internal citation omitted).  *See also McDonald v. Kellogg Co.*, No. 08-2473-JWL, 2009 WL 1125830, at *1 (D.Kan. April 27, 2009) (stating that "*Twombly* does not increase a plaintiff's burden in the context of pleading an FLSA claim").

The Complaint (ECF No. 1) meets the requirements of Rule 8(a)(2), and provides fair notice to Defendants and allegations that are plausible that (1) their employees were not paid the minimum wage and overtime as required by the FLSA, (2) Defendants improperly employed minors, and (3) Defendants failed to maintain the required records, as it clearly sets forth that:

- Defendants collectively are an enterprise within the meaning of section 3(r) of the Act (ECF No. 1 at PageID #: 2, ¶ III);

- Defendants are engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act and have an annual dollar volume in excess of $500,000 and have employees engaged in commerce (ECF No. 1 at PageID #: 2, ¶ IV);

- Since November 5, 2012, Defendants have repeatedly violated the minimum wage requirements of the Act (sections 6 and 15(a)(2)) by improperly classifying workers as

(5:15CV1577)

"volunteers" and therefore not paying them any wages and by paying excessively low salaries to non-exempt managers (ECF No. 1 at PageID #: 3, ¶ V);[1]

• Defendants have repeatedly violated the overtime requirements of the Act (sections 7 and 15(a)(2)) by failing to pay overtime wages to certain salaried, non-exempt employees who worked more than forty hours in a week (ECF No. 1 at PageID #: 3, ¶ VI);

• Defendants have repeatedly violated the record-keeping provisions of the Act (sections 11(c) and 15(a)(5)) by not maintaining accurate records of employees' hours worked or of their addresses, dates of birth, and hire dates (ECF No. 1 at PageID #: 3-4, ¶ VII); and

• Defendants have repeatedly violated the child labor requirements of the Act (sections 12(c) and 15(a)(4)) by allowing minors between the ages of 14 and 16 to work more than three (3) hours on a school day, beyond 7:00 p.m. during the school year, and more than eight (8) hours on a non-school day (ECF No. 1 at PageID #: 4, ¶ VIII).

Furthermore, in a 40-page exhibit (Exhibit A to the Complaint (ECF No. 1-1)), Plaintiff identifies the names of the specific employees who are owed back wages for the enumerated violations. While the Complaint (ECF No. 1) certainly could contain more specific supporting facts, it does "allege enough facts to suggest, raise a reasonable expectation of, and render plausible" Plaintiff's entitlement to relief. *Watts v. Florida Int'l Univ.*, 495 F.3d 1289, 1296 (11th Cir. 2007).

## II.

Defendants also move the Court to dismiss the claims set forth in ¶ VIII of the Complaint (ECF No. 1). They argue the Court lacks subject-matter jurisdiction over the allegations that

---

[1] Plaintiff's position that "employees may not volunteer services to **for-profit** private sector employers" (http://webapps.dol.gov/elaws/whd/flsa/docs/volunteers.asp) is disputed by Defendants. *See* ECF No. 9 at PageID #: 85-88 and ECF No. 14 at PageID #: 130-32. Whether the Court will adopt Plaintiff's position is for another day.

4

(5:15CV1577)

Defendants violated the provisions of the Act which prohibit the employment of oppressive child labor within the meaning of Section 3(l ) of the Act, 29 U.S.C. § 203(l). Paragraph VIII provides:

> Defendants repeatedly violated the provisions of Sections 12(c) and 15(a)(4) of the Act by employing minors between the ages of 14 and 16 in occupations requiring:  more than three hours of work on a school day, work beyond 7:00 p.m. during the school year, and more than eight hours of work on a non-school day.  All of the minors were and are employed by Defendants in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act, as aforesaid.  Such employment constitutes oppressive child labor as defined in Section 3(1) of the Act.

ECF No. 1 at PageID #: 4, ¶ VIII.  Plaintiff has dual roles in recovering prospective injunctive relief for employees and in assessing civil money penalties for child labor violations.  The FLSA authorizes the assessment of civil money penalties for child labor violations.  *See* 29 U.S.C. § 216(e); *Accura of Bellevue v. Reich*, 90 F.3d 1403, 1406 (9th Cir. 1996).  Funds collected through these civil money penalties are deposited into the general fund of the Treasury and are not remitted to the employees who are the subject of the child labor violations.  29 U.S.C. § 216(e)(5).  The FLSA also separately authorizes Plaintiff to pursue an injunction against Defendants to restrain them from violating sections 12(c) and 15(a)(4) of the FLSA, 29 U.S.C. §§ 212(c) and 215(a)(4).  Nothing in the FLSA or the regulations suggests that payment of civil money penalties forecloses on Plaintiff's ability to obtain injunctive relief for child labor violations, if still appropriate at this time.

### III.

Accordingly, Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted and for Lack of Subject-Matter Jurisdiction (ECF No. 9) is denied.

(5:15CV1577)

Defendants shall file a responsive pleading on or before November 25, 2015. *See* Fed. R. Civ. P. 12(a)(4)(A).

      IT IS SO ORDERED.

| | |
|---|---|
|  November 13, 2015  |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |