PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ, *etc.*, | ) | |
| | ) | CASE NO.  5:15CV1577 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CATHEDRAL BUFFET, INC., *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF No. 30] |

        Pending is Defendants Cathedral Buffet, Inc. and Reverend Ernest Angley's Motion for a

Trial by Jury (ECF No. 30), filed on August 1, 2016.  Defendants move the Court pursuant to

Fed. R. Civ. P. 39(b) to order a trial by jury on all issues remaining before the Court after it

issues its ruling on Defendants' pending Motion for Partial Summary Judgment (ECF No. 26).

The Court has been advised, having reviewed the parties' briefs and submissions, and the

applicable law.  For the reasons set forth below, the Court denies the motion.

**I.**

        On August 10, 2015, pursuant to his authority under the Fair Labor Standards Act of

1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), Plaintiff, Thomas E. Perez, Secretary of

Labor, United States Department of Labor filed the Complaint (ECF No. 1) against Defendants to

enforce the FLSA.  The Complaint (ECF No. 1) alleges violations of the FLSA's minimum wage,

overtime, record-keeping, and child labor provisions with respect to 238 current and/or former

employees employed by Defendants at the Cathedral Buffet.

(5:15CV1577)

Plaintiff prays for alternative legal and equitable remedies in the Complaint (ECF No. 1), which does not contain a demand for a jury.  The Secretary seeks an order restraining Defendants from prospective violations of the FLSA pursuant to Section 17 of the Act, 29 U.S.C. § 217. ECF No. 1 at PageID #: 4.  In addition, Plaintiff prays for two forms of relief in the alternative. First, the Secretary requests that Defendants be found liable for unpaid back wages, plus an equal amount in liquidated damages, pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c).  ECF No. 1 at PageID #: 4.  But "*in the event liquidated damages are not awarded*," Plaintiff alternatively requested that the Court enter an order, pursuant to Section 17 of the Act, restraining Defendants from withholding payment of unpaid minimum wage and overtime compensation, plus interest.  ECF No. 1 at PageID #: 4-5 (emphasis added).

Defendants filed their Answer (ECF No. 16) on November 16, 2015.  "Due to clerical inadvertence, the Defendants' Answer did not include a jury demand."  Memorandum in Support (ECF No. 31) at PageID #: 1115.

The discovery cutoff date was April 29, 2016.  Minutes of Proceedings dated March 29, 2016.  The case is set for trial on October 31, 2016.  *See* Civil Trial Order (ECF No. 21).

## II.

Where a party has a right to a trial by jury, on any issue, the party must demand one in accordance with Fed. R. Civ. P. 38(b).  When a party has failed to demand a trial by jury within 14 days after filing of the last pleading directed to the issue—as required by Rule 38(b)—a Court may nevertheless, upon motion, "order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b).  The Sixth Circuit has recognized that "[a] district court has

2

(5:15CV1577)

broad discretion in deciding whether to grant a Rule 39(b) motion." *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 632 (6th Cir. 2008).  The Court's discretion as to whether to grant a motion pursuant to Rule 39(b) should typically be "exercised in favor of granting a jury trial where there are no compelling reasons to the contrary." *Moody v. Pepsi-Cola Metro. Bottling Co., Inc.*, 915 F.2d 201, 207 (6th Cir. 1990).  But a court's decision to grant such a motion is not without limits.  In *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004 (6th Cir. 1987), the precedent for *Moody*, the Sixth Circuit clarified that its decision to affirm a trial court's grant of a late jury demand was based on the "lack of precedent for *reversing the grant* of a jury trial. . . ." *Id.* at 1013 (emphasis added).  Indeed, the Sixth Circuit has often declared that a trial court does not abuse its discretion if it chooses to deny a late jury demand, especially when the sole stated reason for the delay is mistake or "mere inadvertence." *Wilson v. Seiter*, No. 89-3367, 1990 WL 25060, at *2 (6th Cir. March 9, 1990) (citing *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986)).  *See also Kitchen*, 825 F.2d at 1013; *Gates v. Guyton*, Nos. 87-3315, 87-3449, 1988 WL 81271, at *2 (6th Cir. Aug. 4 1988).  *Accord OptimizeRx Corp. v. Stastney*, No. 14-13612, 2015 WL 5545493, at *1 (E.D. Mich. Sept. 18, 2015); *Fisher v. Caruso*, No. 03-CV-71804-DT, 2006 WL 2711807, at *6 n. 16 (E.D. Mich. Sept. 21, 2006).

**III.**

**A.      Plaintiff will be prejudiced by the late jury demand**

Defendants argue that Plaintiff has not demonstrated any discernable prejudice that will occur if the Court exercises its discretion to grant the within Motion.  Reply Memorandum (ECF

3

(5:15CV1577)

No. 33) at PageID #: 1132. Plaintiff argues to the contrary that granting the within Motion at this late stage in the proceedings would prejudice Plaintiff by requiring him to significantly change his litigation strategy long after discovery has closed and a mere three months before trial. Memorandum in Opposition (ECF No. 32) at PageID #: 1122. The burden placed on a party forced to change its course of litigation in order to accommodate a jury trial has been held to be enough to justify the denial of a Rule 39(b) motion. *Kitchen*, 825 F.2d at 1013 (citing *United States v. Unum, Inc.*, 658 F.2d 300, 303 (5th Cir. Unit A 1981)). A compelling reason to deny a jury request, under this rule, would include evidence of prejudice to the opposing party or evidence that the opposing party would have prepared its case differently had it known that a jury trial might ensue. *Moody*, 915 F.2d at 207. The Court finds that requiring Plaintiff—at this late stage in the proceedings—to reconstruct the framework of his case, so that it is better suited to a jury trial, is wholly prejudicial.

Courts have also denied late jury demands when the motion was filed too close to trial. *See Brian J. Altman & Assoc., P.C. v. Foot and Ankle Health Centers, P.C.*, No. 08-CV-10810-DT, 2009 WL 440935, at *3 (E.D. Mich. Feb. 23, 2009) (denying the motion because the parties had already been "proceeding toward a bench trial resolution for twelve months"); *In re Madden*, No. 11-63661, 2013 WL 141140, at *2 (Bankr. N.D. Ohio Jan. 11, 2013) (denying a Rule 39(b) motion because "[p]laintiff's litigation plan is likely tailored to a bench trial," and "switching gears" with trial less than three months away would be prejudicial to the non-movant plaintiff); *In re Suburban Motor Freight, Inc.*, 114 B.R. 943, 955 (Bankr. S.D. Ohio 1990) (denying a Rule

4

(5:15CV1577)

39(b) motion and finding that request for a trial by jury in adversary proceedings was too late with trial eight months away).

The court is unpersuaded that it should exercise its discretion to grant a jury trial almost one year after the litigation commenced.  In view of the lateness of the within demand and the fact that the trial is merely three months away, the Court concludes that Plaintiff was not provided with adequate notice of the jury trial in order to prepare accordingly.

> **B.** **The interplay between the legal and equitable relief alternatively sought by Plaintiff**

Next, Plaintiff argues that the within Motion could create an untenable situation, whereby a jury may improperly decide a question of equity, rather than law.  ECF No. 32 at PageID #: 1122.  Defendants contend that Plaintiff 's suggestion that granting Defendants' Rule 39(b) Motion would result in an interplay between the judge and jury that is anomalous or even uncommon is misleading.  ECF No. 33 at PageID #: 1134.

Defendants would normally have a right to a trial by jury on the issue of back wages. Equitable relief, however, is solely in the province of the court, and not a jury.  Moreover, the injunctive relief provided by Section 17 of the FLSA is available only to the Secretary of Labor; it is not available to private litigants. *Lorillard v. Pons*, 434 U.S. 575, 581 (1978).  By the same token, liquidated damages may only be awarded by the court and may not be awarded by a jury. *McClanahan v. Mathews*, 440 F.2d 320, 322 (6th Cir. 1971).  On the other hand, proceedings pursuant to Section 16(c) of the Act—which permit the Secretary of Labor to seek back wages on behalf of employees—are legal in nature and therefore generally may be tried to a jury. *Reich v. Tiller Helicopter Services, Inc.*, 8 F.3d 1018, 1031-32 (5th Cir. 1993).

5

(5:15CV1577)

Due to the alternative remedies prayed for by Plaintiff in the Complaint (ECF No. 1), litigating this matter before a jury, rather than the Court, could create an awkward situation whereby a jury improperly renders a decision related to equitable relief.

**IV.**

Accordingly, Defendants' Motion for a Trial by Jury (ECF No. 30) is denied.

Counsel are reminded that this case is set for final pretrial on September 30, 2016, and a bench trial on October 31, 2016.  *See* ECF No. 21.


IT IS SO ORDERED.


 August 24, 2016                               /s/ Benita Y. Pearson          
Date                                            Benita Y. Pearson
United States District Judge