PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, *etc.*, ) | |
| ) | CASE NO. 5:15CV1577 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| CATHEDRAL BUFFET, INC., *et al.*, ) | **AND ORDER** |
| ) | [Resolving ECF Nos. 42, 43, 45, 47, 48, |
| Defendants. ) | 49, 50, and 56] |

The following motions are pending in the above-entitled action:

Plaintiff's Motion for Clarification (ECF No. 42);

Plaintiff's Motion *in Limine* to Admit Evidence of Prior Investigation of Defendants (ECF No. 43);

Plaintiff's Motion *in Limine* to Admit Documents Showing the Number of Hours Worked by Volunteers (ECF No. 45);

Defendants' Motion *in Limine* (ECF No. 47);

Defendants' Motion *in Limine* to Exclude Akron Beacon Journal Bob Dyer Article (ECF No. 48);

Defendants' Motion *in Limine* to Exclude Volunteer Dates and Hours (ECF No. 49);

Defendants' Motion *in Limine* Regarding Cathedral Buffet's Predecessor Information (ECF No. 50); and,

Defendants' Motion to Compel (ECF No. 56).

The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law.

(5:15CV1577)

## I.  ECF Nos. 42 and 56

In his Motion for Clarification (ECF No. 42), Plaintiff seeks clarification from the Court regarding the Secretary's duty to divulge the identities of his informers, who will be testifying at the trial of this matter.  Defendants respond and move the Court for an order compelling Plaintiff to demonstrate compliance with the requirements for invoking the government's "informer's privilege" and to provide the names of all the witnesses it intends to call at trial (including informants) immediately, and to provide any accompanying witness statements at the same time. ECF No. 56.

Each informer's identity should be divulged 24 hours before the informer is expected to testify.  With regard to the testifying informer who provided a statement to the Wage and Hour Division during its investigation, the statement should be provided to Defendants at the same time the informer's identity as a testifying witness is revealed.  Waiting until after testimony, as permitted by the Jencks Act, would cause avoidable delay.

Defendants' Motion to Compel (ECF No. 56) is hyperbolic with glimpses of truth.  Of course the Jencks Act is criminal, but it remains a gauge of a reasonable timeframe relied on in matters of great importance – freedom, incarceration or even death.  Plaintiff shall identify each witness 24 hours before the witness is expected to testify.

Citing *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953), Defendants argue that Plaintiff should have to serve and file an affidavit from the department head demonstrating that the government's "informer's privilege" has been properly invoked.  ECF No. 56-1 at PageID #: 1395-96.  On or before October 28, 2016 at 4:00 p.m., Plaintiff shall serve and file the affidavit.

2

(5:15CV1577)

## II. ECF Nos. 43 and 47

Plaintiff moves the Court for an order to admit evidence regarding the prior investigation of Defendants by the Wage and Hour Division of the Department of Labor. ECF No. 43. Defendants respond and move the Court for a ruling that prevents Plaintiff from presenting evidence of or relating to the Department of Labor's investigations of Cathedral Buffet from 1999 and 2003. ECF No. 47.[1]

> Plaintiff's motion states:
>
> In his Complaint (ECF No. 1), the Secretary has pled Defendants' repeated violations of the Act, as well as his request for injunctive relief under the Act. To support both aspects of the Secretary's pleadings, the Secretary intends to introduce evidence of Defendants' past history with the Wage and Hour Division. The evidence supporting this history includes documents [ ] previously produced to Defendants in discovery and/or deposition testimony to which counsel for Defendants have been privy.

ECF No. 43 at PageID #: 1272. A willful violation of the Act may be demonstrated through evidence that the employers "knew or showed reckless disregard" for whether their conduct was prohibited by the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). "The standard of willfulness adopted in [*Trans World Airlines, Inc. v.*] *Thurston* [469 U.S. 111 (1985)], requires the Secretary to show 'that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . . .'" *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991) (quoting *Thurston*, 469 U.S. at 133). *See also Herman v. Palo Group Foster Home, Inc.*, 976 F. Supp. 696, 705 (W.D. Mich. 1997).

---

[1] ECF No. 47 is tied to Defendants' Motion *in Limine* Regarding Cathedral Buffet's Predecessor Information (ECF No. 50).

3

(5:15CV1577)

The Portal to Portal Act creates an affirmative defense in FLSA actions to an employer who pleads and proves that "the act or omission complained of was in good faith in conformity with and in reliance on any written administrative regulation, order, ruling, approval or, interpretation, of" the Administrator of the Wage and Hour Division.  29 U.S.C. § 259(a). Defendants do not, however, intend to present a "good faith" defense under either Section 10 or Section 11 of the Portal to Portal Act.  ECF No. 47 at PageID #: 1338.

The Court will allow Plaintiff to present evidence regarding the prior investigation to show that Defendants had "actual notice of the requirements of the FLSA by virtue of earlier violations," had agreed to pay unpaid overtime wages, and had assured the Department of Labor that they would comply with the FLSA in the future to demonstrate that Defendants willfully violated the FLSA.  *Dole*, 942 F.2d at 967.

### III.  ECF Nos. 45 and 49

In his Motion *in Limine* to Admit Documents Showing the Number of Hours Worked by Volunteers (ECF No. 45), Plaintiff moves the Court to admit certain documents showing the hours worked by volunteers.  Specifically, Plaintiff seeks to introduce documents (Bates-numbered DOL0167 through DOL0180 and DOL0186 through DOL0205) that were provided to the Department of Labor by Defendants.  To the contrary, Defendants move the Court for a ruling preventing Plaintiff from presenting evidence of or relating to the amount of hours or dates worked by Cathedral Buffet volunteers.  ECF No. 49.

The Court grants Plaintiff's motion to admit documents showing the number of volunteer hours, and denies Defendants' motion to exclude same.

4

(5:15CV1577)

### IV. ECF No. 48

Defendants also move the Court for a ruling preventing Plaintiff from presenting evidence of or relating to a newspaper article written by Bob Dyer and published in the *Akron Beacon Journal* on October 19, 2014 concerning Grace Cathedral, Ernest Angley, or Cathedral Buffet. ECF No. 48. The Court denies the motion. According to Plaintiff, if he were to introduce evidence of the article, or the article itself, during the trial, it would be for the sole purpose of establishing that the article placed the Wage and Hour Division on notice of a possible FLSA violation. ECF No. 51 at PageID #: 1359. Moreover, the article is admissible because it is not hearsay. *Williams v. General Motors Corp.*, 18 Fed.Appx. 342, 348 (6th Cir. 2001) (finding no hearsay where the out-of-court statement was introduced to show the witness's course of conduct upon learning about the out-of-court statement).

### V. ECF No. 50

Finally, in their Motion *in Limine* Regarding Cathedral Buffet's Predecessor Information (ECF No. 50), Defendants move the Court for a ruling pursuant to Fed. R. Civ. P. 15 and Fed. R. Evid. 401 and 403 preventing Plaintiff from presenting evidence of or relating to the operation or business practices of the Cathedral Buffet restaurant prior to February 25, 2013 when Cathedral Buffet, Inc. came into existence because of the Secretary's alleged failure to plead a claim of successor liability.

Defendants want to benefit from the history of the Cathedral Buffet restaurant in reality, but for legal purposes attempt to draw a line that starts on February 25, 2013. For the reasons set forth by Plaintiff in his memorandum in opposition (ECF No. 52), the motion is denied.

5

(5:15CV1577)

If Plaintiff needs to amend his Complaint, he could do so after his case-in-chief, with no prejudice to the parties.  Fed. R. Civ. P. 15(a)(1) provides that courts should "freely give leave" to amend a pleading "when justice so requires."  Rule 15(b)(1) also provides:

> If, at trial, a party objects that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended.  The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits. . . .

Similarly, Rule 15(b)(2) allows parties to try issues not raised in the pleadings by express or implied consent.

### VI.  Volunteer Affidavits

Defendants assert:

> Calling many of [the Church Volunteers] to testify as witnesses at trial may be avoided if the Department of Labor does not object to the admissibility at trial of the Volunteer Affidavits that were used by Defendants in their Motion for Partial Summary Judgment, as supplemented, as was discussed with the Judge at the Final Pretrial Conference and acknowledged as a proper solution for preserving judicial economy by the DOL attorneys in attendance.

Defendants' Amended Witness and Exhibit List (ECF No. 60) at PageID #: 1410 n. 1.  The Court also notes that the parties have stipulated:

> The volunteers who provided affidavits in support of the Employers' Motion for Summary Judgment (ECF No. 26) had no expectation that they would receive wages or any other type of compensation for their volunteer services at the Buffet.  A list of the volunteers who provided affidavits in support of the Employers' Motion for Summary Judgment (ECF No. 26) is attached as "Exhibit 1" to these joint undisputed fact stipulations and is incorporated herein by reference.

Joint Undisputed Fact Stipulations (ECF No. 36) at PageID #: 1147, ¶ 43.

(5:15CV1577)

On or before October 28, 2016 at 4:00 p.m., the parties shall file a Joint Notice regarding their agreement or positions regarding the admissibility at trial of the Volunteer Affidavits.

**VII.**

For all the foregoing reasons,

Plaintiff's Motion for Clarification (ECF No. 42) is granted.

Plaintiff's Motion *in Limine* to Admit Evidence of Prior Investigation of Defendants (ECF No. 43) is granted.

Plaintiff's Motion *in Limine* to Admit Documents Showing the Number of Hours Worked by Volunteers (ECF No. 45) is granted.

Defendants' Motion *in Limine* (ECF No. 47) is denied.

Defendants' Motion *in Limine* to Exclude Akron Beacon Journal Bob Dyer Article (ECF No. 48) is denied.

Defendants' Motion *in Limine* to Exclude Volunteer Dates and Hours (ECF No. 49) is denied.

Defendants' Motion *in Limine* Regarding Cathedral Buffet's Predecessor Information (ECF No. 50) is denied.

Defendants' Motion to Compel (ECF No. 56) is granted in part and denied in part.

IT IS SO ORDERED.

 October 27, 2016                       */s/ Benita Y. Pearson*
Date                                          Benita Y. Pearson
                                                        United States District Judge